IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GABRIEL ALEX CHAVEZ, 10033940, ) | |
|         Plaintiff, ) | |
| v. ) | No. 3:11-CV-658-O |
| ) | |
| DALLAS POLICE DEPARTMENT, ) | |
| ET AL, ) | |
|         Defendants. ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

### I. Parties

Plaintiff is a state prisoner. He filed this suit pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se*, and the Court has granted him permission to proceed *in forma pauperis*. Defendants are the Dallas Police Department, the City of Dallas, and Dallas Police Officers C. Hauffe, D. Cole, K. Budjenska, J. LaBarba, R. Brock and G. Padilla. No process has issued pending judicial screening.

### II. Background

Plaintiff alleges that while he was driving his car, Officer Padilla shot him in the back. He states Officer Padilla and the other Defendant Officers then dragged him from the car and beat him while he was going in and out of consciousness. Plaintiff was charged with aggravated assault of a public servant, aggravated robbery, unlawful possession of a firearm by a felon and

**Findings and Conclusions of the**
**United States Magistrate Judge**        Page -1-

credit/debit card abuse. On May 10, 2011, the aggravated assault of a public servant charged was dismissed. Plaintiff pled guilty to the remaining charges. Plaintiff seeks money damages.

## III. Screening

The Court has granted Plaintiff leave to proceed *in forma pauperis*. His complaint is therefore subject to screening under 28 U.S.C. § 1915(e)(2)(b) and 28 U.S.C. § 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from relief. A complaint is frivolous when "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327.

## IV. Discussion

### A.     Dallas Police Department

Plaintiff names the Dallas Police Department as a defendant. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government). Governmental offices and departments do not have a separate legal existence. *See, e.g. Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 U.S. Dist. WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); *Lindley v. Bowles*, No. 3:02-CV-595-P, 2002

WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence); *Youl Suh v. Dallas Police Dept.*, No. 3:06-CV-2115-L, 2006 WL 3831235 at *2 (N.D. Tex. Dec. 29, 2006), *appeal dism'd*, No. 08-10233 (5th Cir. April 30, 2008) (recognizing that Dallas Police Department is a non-jural entity). The Dallas Police Department should therefore be dismissed.

**B.     City of Dallas**

Plaintiff sues the City of Dallas because he states this Defendant is responsible for the actions of its employee police officers. (Magistrate Judge's Questionnaire, Answer 5B). A local government entity, such as a county or municipality cannot be held liable for a constitutional violation under a theory of vicarious liability or *respondeant superior*. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Instead, liability may be imposed "only where the municipality itself cause the constitutional violation at issue." *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403-404 (1989). To prevail on a § 1983 claim against a municipality, the plaintiff must therefore demonstrate the city or county acted pursuant to a policy or custom that was the cause of an alleged deprivation of rights protected by the Constitution. *Bryan County*, 520 U.S. at 403. The Fifth Circuit has defined a "policy or custom" as:

1. A policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city official or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had

delegated policy-making authority.

*Burge v. St. Tammany Parish*, 336 F.3d 363, 369 (5th Cir. 2003) (*quoting Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (*en banc* and *per curiam*)).

In this case, Plaintiff has made no allegation that the City acted pursuant to a policy or custom that was the cause of an alleged deprivation of constitutional rights. The only connection claimed between the alleged acts of the Officers and the City of Dallas is the fact of the Officers' employment. Plaintiff's claims against the City of Dallas should therefore be dismissed.

**C.  Officer C. Hauffe (#6683)**

Plaintiff states he wants to voluntarily dismiss Defendant C. Hauffe. (*See* Magistrate Judge's Questionnaire, Answer No. 5C). The Court finds this Defendant should therefore be dismissed.

**D.  Police Officers**

Plaintiff alleges that Officer Padilla shot him in the back and that Officers Padilla, Cole, Budjenska, LaBarba and Brock dragged and beat him while he was going in and out of consciousness from the gun shot wound. Taking Plaintiff's allegations as true, the Court is unable to determine at this point that Plaintiff's allegations are frivolous. The Court finds that Plaintiff's claims against these Police Officers should proceed and process should be issued as to these Defendants.

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's claims against Defendants Cole, Budjenska, LaBarba, Brock and Padilla should proceed and process should be issued as to these Defendants; and (2) Plaintiff's remaining claims should be dismissed with prejudice.

**Findings and Conclusions of the
United States Magistrate Judge**          Page -4-

Signed this 15th day of June, 2011.

                                                 _____
                                                 PAUL D. STICKNEY
                                                 UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).